**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4564**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JEFFREY L. KING,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.   Irene C. Berger,
District Judge.  (1:11-cr-00271-1)

———————————

Submitted:  November 19, 2012      Decided:  November 29, 2012

———————————

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Debra Kilgore, BURTON KILGORE & LAZENBY, PLLC, Princeton, West
Virginia, for Appellant.   R. Booth Goodwin II, United States
Attorney, John L. File, Assistant United States Attorney,
Beckley, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey L. King appeals his forty-eight-month sentence for distribution of hydromorphone. The sole argument that King asserts on appeal is that the sentence he received is substantively unreasonable because the district court relied upon his criminal history to impose an upward variance from the advisory Guidelines range, despite the fact that his criminal history was already factored into the Guidelines calculations. After thoroughly examining the record and the contentions of the parties, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. United States v. Susi, 674 F.3d 278, 282 (4th Cir. 2012). Whether a sentence is substantively unreasonable is considered "in light of the totality of the circumstances." United States v. Worley, 685 F.3d 404, 409 (4th Cir. 2012). In reviewing whether a district court's decision to vary from the applicable Guidelines range is substantively reasonable, we "'may consider the extent of the deviation [from the applicable Guidelines range], but must give due deference to the district court's decision that the [18 U.S.C. § 3553(a) (2006)] factors, on a whole, justify the extent of the variance.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)), cert. denied, 131 S. Ct. 2946 (2011).

2

The degree of the variance impacts the quantum of justification necessary to support the sentence imposed, with a significant variance requiring more substantial justification than a minor variance. Id. Nevertheless, "[t]hat a variance sentence deviates significantly from the advisory Guidelines range . . . does not alone render it presumptively unreasonable. Indeed, a sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir.) (internal quotation marks omitted), cert. denied, No 11A1054, 12-5002, 2012 WL 2805025 (U.S. 2012). As a result, "'[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" Diosdado-Star, 630 F.3d at 366 (quoting Gall, 552 U.S. at 51).

King contends that a district court considering an upward variance on the basis of the § 3553(a) factors is precluded from considering a defendant's criminal history by virtue of the fact that the defendant's criminal history is separately factored into the calculations of the advisory Guidelines range. But King is mistaken. To the extent that King takes umbrage with the district court's double counting of his criminal history, it is clear that double counting is

3

presumptively authorized unless expressly prohibited. United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010). King points to nothing in the pertinent statutes or Guidelines prohibiting the district court's course of action. Indeed, the plain language of § 3553(a) directs a result contrary to that urged by King, as it provides that a sentencing court must separately consider both "the history and characteristics of the defendant" as well as the advisory range established under the Guidelines. See 18 U.S.C. § 3553(a)(1), (4). By its plain terms, therefore, § 3553(a) contemplates an upward variance on the basis of facts that also affect the establishment of the advisory Guidelines range.

Nor do we perceive any other reason to conclude that, in light of the totality of the circumstances, the district court's chosen sentence was not rooted in reason. See United States v. Evans, 526 F.3d 155, 166 (4th Cir. 2008). Under the deference due to the district court's conclusion that the § 3553(a) factors justify the extent of the variance that it chose to apply to King, we can only conclude that King's forty-eight-month sentence is substantively reasonable. See id. at 163-66.

Because King has advanced no other reason why his sentence is either procedurally or substantively defective, we affirm the judgment of the district court. We dispense with

4

oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED