**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4718**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RONNIE GLENN EDDINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge.  (5:11-cr-00306-FL-1)

Submitted:  March 20, 2013             Decided:  April 5, 2013

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker,  Kristine  L.  Fritz,  Assistant  United  States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Glenn Eddings appeals his sixty-month sentence imposed for theft of government property in violation of 18 U.S.C. § 641 (2006). On appeal, Eddings argues that his sentence was substantively unreasonable because the district court varied upwards without providing sufficient reasons for its decision. We affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. United States v. Susi, 674 F.3d 278, 282 (4th Cir. 2012). Whether a sentence is substantively unreasonable is considered "in light of the totality of the circumstances." United States v. Worley, 685 F.3d 404, 409 (4th Cir. 2012). In reviewing whether a district court's decision to vary from the applicable Guidelines range is substantively reasonable, this Court "'may consider the extent of the deviation [from the applicable Guidelines range], but must give due deference to the district court's decision that the [18 U.S.C. § 3553(a) (2006)] factors, on a whole, justify the extent of the variance.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)), cert. denied, 131 S. Ct. 2946 (2011).

The degree of the variance impacts the level of justification necessary to support the sentence imposed, with a significant variance requiring more substantial justification

2

than a minor variance. Id. Nevertheless, "[t]hat a variance sentence deviates significantly from the advisory Guidelines range . . . does not alone render it presumptively unreasonable. Indeed, a sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir.), cert. denied, No. 11A1054, 12-5002, 2012 WL 2805025 (U.S. 2012). As a result, "'[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" Diosdado-Star, 630 F.3d at 366 (quoting Gall, 552 U.S. at 51).

Upon review of the record, we conclude that the district court gave sufficient reasons for its upward variance. The district court emphasized that the advisory Guidelines range did not account for the length of time during which Eddings committed his crime, the damage to the public trust created by his deception, and the full impact of Eddings' theft. See Diosdado-Star, 630 F.3d at 367 (holding that due deference is warranted when the district court makes a reasoned and reasonable determination based on the § 3553(a) factors). In addition, we conclude that the district court did not abuse its discretion by mentioning Eddings' need for treatment because

3

there is no evidence that the district court imposed a sentence of imprisonment based on a desire to rehabilitate Eddings in violation of 18 U.S.C. § 3582(a) (2006).  See Tapia v. United States, 131 S. Ct. 2382 (2011) (holding that a district court may not consider rehabilitation as a factor when determining the length of a term of imprisonment).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED