PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

v.

No. 11-4348

DAVID MICHAEL WORLEY,

      *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(1:10-cr-00036-jpj-pms-1)

Argued: May 15, 2012

Decided: July 13, 2012

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

Affirmed in part, reversed in part, vacated and remanded in part by published opinion. Judge Gregory wrote the opinion, in which Judge Duncan and Judge Diaz joined.

## COUNSEL

**ARGUED:** Brian Jackson Beck, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appel-

lee. **ON BRIEF:** Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Ashley Brooke Neese, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

## OPINION

GREGORY, Circuit Judge:

Appellant David Michael Worley timely appeals his 100-month sentence and special conditions imposed on supervised release, arguing that the sentence was procedurally and substantively unreasonable and that the district court abused its discretion by failing to explain its imposition of the conditions. For the following reasons, we affirm the 100-month sentence, reverse the district court's imposition of special conditions one, six, and fourteen, and vacate and remand the case for further proceedings on all remaining special conditions.

I.

In October 2010, Worley was indicted on federal methamphetamine charges. Specifically, he was charged with conspiracy to manufacture, possess, and distribute an unspecified quantity of methamphetamine with co-defendant, Wesley Adam Reedy, in violation of 21 U.S.C. §§ 841 & 846; possession and distribution of an unspecified quantity of methamphetamine on May 11, 2010, and May 14, 2010, in violation of 21 U.S.C. § 841; managing and controlling a place and knowingly and intentionally making available for use the place for the purpose of unlawfully manufacturing methamphetamine in violation of 21 U.S.C. § 856(a)(2); and creating a substantial risk to human life during the manufacturing of methamphetamine in violation of 21 U.S.C. § 858. On

December 16, 2010, Worley pled guilty to four of the charges without the benefit of a plea agreement.

Prior to sentencing, Worley submitted a sentencing memorandum that incorporated a court-ordered psychological report that addressed his depression, post-traumatic stress disorder, and drug addiction. The report also documented Worley's experience with physical and sexual abuse during his youth and his prior convictions. These convictions were a 1996 misdemeanor larceny; a 1996 misdemeanor possession of stolen property; a 1997 breaking and entering; a 1997 grand larceny; and two 2000 state convictions for carnal knowledge of a child. The sentencing memorandum highlighted attributes that spoke to Worley's character. It noted the small scale nature of the drug conduct; Worley's ability to hold a steel worker's position for two years before his arrest; his voluntary drug treatment prior to his arrest; and his responsibilities as a parent to his three young children; and his relationship with his family and girlfriend.

Attached to the memorandum were several letters from family members describing Worley as a good boyfriend, son, and uncle. As a result of his mental health, his familial responsibilities, and other factors, Worley requested leniency and a sentence below the 100-month guideline range. Worley also objected to the presentence report's calculation of the drug quantity and requested that the psychological report be included in the presentence report.

Worley and Reedy were sentenced together on March 28, 2011. The district court granted Worley's objection to the drug quantity amount. This resulted in a drug quantity amount of 24 grams, a reduced offense level of 27, and a reduced guideline range of 100 to 125 months. The district court also granted Worley's request to have the psychological report included in the presentence report. However, the district court denied Worley's request for a variance in his sentence. Worley received a term of 100 months, while Reedy, who had

pled guilty with the benefit of a plea agreement, received 57 months.

The district court also imposed fifteen special conditions for Worley's three-year term of supervised release as recommended in the presentence report. These conditions were set forth in a standing order in the Western District of Virginia for federal sex-offense convictions. The conditions were restrictive and included prohibiting Worley from forming a romantic interest in or sexual relationship with a person who had physical custody of any child under the age of eighteen and prohibiting Worley from residing in or visiting any residence where minor children also reside without the approval of the probation officer. At the time of sentencing, Worley did not explicitly object to the imposition of these special conditions.

## II.

A sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing factors, which include considering "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); providing "adequate deterrence," *id.* § 3553(a)(2)(B); "protect[ing] the public from further crimes," *id.* § 3553(a)(2)(C); and providing the defendant with training, medical care, or treatment, *id.* § 3553(a)(2)(D). The condition must also be consistent with the Sentencing Commission policy statements. 18 U.S.C. § 3583(d)(3). A particular restriction does not require an "offense-specific nexus," *United States v. Perazza–Mercado*, 553 F.3d 65, 70 (1st Cir. 2009), but the sentencing court must adequately explain its decision and its reasons for imposing it, *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009).

"District courts have broad latitude to impose conditions on supervised release," and as such, we typically "review such conditions only for abuse of discretion." *id.* (internal quota-

tion marks omitted). Here, the Government contends that a plain-error standard of review applies because Worley did not explicitly object to the district court's imposition of the special conditions. Worley contends that plain-error review does not apply to a district court's failure to explain why it imposed a particular condition because "the failure to set forth the basis for such conditions necessitates the vacating and remand of the matter to permit appellate review." Appellant Reply Br. at 2. We need not determine whether to review the district court's decision for plain error or abuse of discretion because in this case the district court's imposition of the special conditions warrants reversal even under the more deferential standard. *See United States v. Davis*, 452 F.3d 991, 995-96 (8th Cir. 2006) (finding plain error when the district court imposed a condition that prohibited the defendant from seeing his child when there was no indication that the defendant would be a threat to that child).

Worley challenges the district court's decision to impose federal tier II sex offender conditions. The district court determined that "[b]ecause of the defendant's prior record as a sex offender, that is, classified as a tier II sex offense, he must comply with the standard conditions of supervision adopted by order of this court pertaining to a tier two sex offender as set forth in Part D of the pre-sentence report." J.A. 48-49.

The standing order, entitled "Adoption of Additional Standard Conditions of Probation and Supervised Release in Criminal Cases Involving Sex Offenses," sets forth the three tiers of sex offenders that are provided in 42 U.S.C. § 16911. J.A. 55. Each tier has its own set of special conditions with the higher tiers containing the special conditions from the lower tiers. Because the district court determined that Worley was a tier II offender, Worley received both tier I and tier II conditions.

It is clear from the standing order's language that it applies to defendants sentenced in the district court for federal sex

offenses. Here, Worley's drug-related offense is not a sex offense. Nonetheless, the district court applied this standing order to Worley because he was convicted twelve years ago in state court for sex crimes he committed when he was twenty-one years old. Worley contends that this reason does not adequately explain how these conditions are "reasonably related" to the § 3553 factors, "involve no greater deprivation of liberty than is reasonably necessary," and are "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d).

## A.

In particular, Worley is troubled by special conditions one, six, and fourteen, that respectively prohibit him from having any unsupervised contact with any child, residing in or visiting any residence where minor children live without prior permission from his probation officer, and forming any romantic interest or sexual relationship with a person who has physical custody of any child under the age of eighteen.

We conclude that the district court plainly erred in imposing such restrictive conditions—specifically as they affect Worley's relationship with his family—in the absence of any explanation. *See Armel*, 585 F.3d at 186 (noting that appellate courts "will carefully scrutinize unusual and severe conditions"). As the Eighth Circuit explained in *Davis*, conditions that interfere with a defendant's constitutional liberties, such as raising his child or associating with a loved one, must be adequately explained or else their imposition undermines the fairness and integrity of our judicial proceedings. 452 F.3d at 995. We agree with the Eighth Circuit that if the evidence fails to show that the defendant poses a danger to his own child or loved one, a condition that limits access to those individuals is not reasonably necessary to protect those individuals or further the defendant's rehabilitation.

Here, the district court based its determination on Worley's decade old state convictions for carnal knowledge of a child. However, these convictions are not indicative of whether he currently poses a threat to his family and loved ones. As the presentence report notes, Worley was not prohibited from seeing his young children while on state supervision for his sex-offense convictions, nor was he barred years later from living with his girlfriend and their toddler. There is nothing within the report or the record that suggests Worley is a danger to his children or girlfriend. *See Davis*, 452 F.3d at 995-96; *United States v. Voelker*, 489 F.3d 139, 155 (3d Cir. 2007) ("[A] court should proceed cautiously in imposing any condition that could impact [the defendant's] parental rights absent sufficiently reliable supporting evidence."). Indeed, the record supports the opposite conclusion. *See* Sheena Ratliff Letter J.A. 25 ("[Worley] is a good person, a loving father, son, brother, and uncle . . . [W]e love him and need him."); Paul Worley Letter J.A. 27 (" . . . [Worley] needs to be with his new family. His daughter needs to be with her father."); Krysten Stallard Letter J.A. 28 ("[M]y uncle is a very hard working, loving father and needs to be with his daughter and his fiance."). Because the record is bereft of any evidence that suggests Worley is a threat to his children or girlfriend, we exercise our discretion to correct the error, and reverse the district court's imposition of special conditions one, six, and fourteen.[1]

---

[1] We note that the *Davis* court chose a different remedy than the one we give here. It decided to remand to the district court with instructions to amend a condition, similar to condition one in this case, so that its restrictions would apply to other children but not the defendant's own child. 452 F.3d at 996. This remedy took into consideration a dispositive fact not present here: the defendant's federal conviction was for receipt of child pornography, which understandably raised concerns that the defendant may pose a current threat to minors. Conversely, Worley's federal conviction was not a sex offense and did not involve minors and the conditions were imposed solely due to Worley's decade-old state convictions, which we have determined that based on these facts provide insufficient bases to support the district court's imposition of the conditions. Given the severity of these restrictions in hindering Worley's familial relations weighed against the lack of evidence that Worley currently poses a threat to children, the district court erred in imposing the conditions and this error requires a complete reversal with no remand.

B.

The remaining conditions do not infringe upon Worley's relationship with his children and girlfriend yet they do impose restrictions that go well beyond Worley's state sex offender registration requirements. In imposing these conditions, the district court again relied solely on Worley's prior sex offense convictions. On these facts, however a twelve-year-old conviction, standing alone, is insufficient to support the conclusion that Worley's current behavior and character require these restrictions. *See United States v. Rogers*, No. 10-5099, 2012 WL 698890, *3 (4th Cir. Mar. 6, 2012) (reversing imposition of a condition for sex offender treatment based on the defendant's twenty-year-old sex offense conviction because "there was no evidence before the district court that such an act of violence has characterized [defendant's] behavior" since then). We do recognize however that because many of the conditions are reasonably related to furthering a defendant's rehabilitation and protecting the public, as opposed to restricting a defendant's access to his family, there may be evidence within the record demonstrating that such conditions are warranted to advance these broader goals of supervised release. Accordingly, we vacate these remaining conditions and remand to the district court for further proceedings consistent with this opinion.

III.

Worley challenges his 100-month sentence as procedurally and substantively unreasonable and argues that the district court did not take into consideration his rehabilitation. He asserts that the district court ignored the fact that he had not committed any crimes or violated probation during the three years prior to his arrest for the instant offense, that he had a supportive family and had maintained a job, that he voluntarily sought treatment for methamphetamine addiction prior to his arrest, and that he admitted his criminal conduct to the police.

We first review the sentence to ensure that no substantial procedural error occurred. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). We then review the sentence to see if it is substantively reasonable in light of the totality of the circumstances. *Id.* at 161. Overall, we review the sentence under an abuse-of-discretion standard. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009).

After a review of the sentencing proceeding, we find that Worley's sentence is procedurally and substantively reasonable. In sentencing Worley, the district court asserted that it had considered the advisory sentencing guidelines range and carefully considered the § 3553(a) factors. It took into consideration the fact that Worley had not manufactured a substantial amount of drugs and that he had less control over the manufacturing because it occurred at Reedy's residence. The court also looked at the fact that Worley's family said he was a good parent and that Worley had suffered from mental health problems. The court reviewed the psychological evaluation contained in the record. Taking these factors into consideration, the court found that a sentence within the guideline range reflected the statutory factors and was appropriate. It then asserted:

> The manufacture of methamphetamine is a very serious offense. It has brought great hardship and sorrow to many members of the community. Not only is it dangerous in terms of its effect on people, but it is dangerous in the process of manufacturing. And a sentence within the guideline range does reflect this seriousness. It promotes respect for the law and provides just punishment . . . And while I have considered the arguments made on the defendant's behalf, I believe a sentence within the guideline range is appropriate, although I find that a sentence at the low end of the guideline range accurately reflects the

statutory factors based on the arguments of the parties.

J.A. 46-47.

Worley argues that the district court's explanation to support the sentence is contrary to *Pepper v. United States*, 131 S. Ct. 1229, 1241-42 (2011). In *Pepper*, the Supreme Court held that in the context of a resentencing, a categorical bar on a district court's consideration of the defendant's rehabilitation after the first sentencing violated 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information" a sentencing court can consider. *Id.* at 1241. In striking down the bar, the Supreme Court noted that post-sentencing rehabilitation evidence may be highly relevant to a § 3553 determination and may support a downward variance in sentencing. *Id.* at 1242. *Pepper* is factually distinguishable from this case. However, even if the decision were on point, we would not find the district court's explanation to the contrary. In explaining Worley's sentence, the district court asserted that it had carefully reviewed the arguments before it. It further listed some of the reasons for why it sentenced Worley at the low end of the guidelines range; one of these reasons—that Worley appeared to be a good parent –- at the very least recognizes one aspect of Worley's rehabilitation argument: that he has a supportive family. While the district court did not explicitly address the other rehabilitative reasons offered, we have never required a sentencing court to discuss each § 3553(a) factor in a "checklist fashion." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006), *cert. denied*, 547 U.S. 1142 (2006) (abrogated in part on other grounds) (quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

Worley further argues that the bulk of the district court's justification for the sentence was a "generic description of the evils of methamphetamine use and manufacturing." Appellant Op. Br. at 21. We reject this argument because the district court provided an explanation that was tailored to Worley's crime and described the essential reasons for why methamphetamine is dangerous and why its production warrants a sentence within the guidelines. It then took into consideration the record before it, including the mitigating factors, and sentenced Worley to the low end of the guidelines range. *See United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence located within a correctly calculated guidelines range is presumptively reasonable."). Because this sentence is without procedural error and is substantively reasonable, we find that the district court did not abuse its discretion in sentencing Worley to 100 months' imprisonment.

## IV.

For the foregoing reasons, we affirm the 100-month sentence, reverse the district court's imposition of special conditions one, six, and fourteen, and vacate and remand the case for further proceedings on the remaining special conditions.[2]

*AFFIRMED IN PART, REVERSED IN PART,*
*VACATED AND REMANDED IN PART*

---

[2]Worley does not object to condition eleven set forth in the standing order because it imposes the same registration requirements as Virginia's sex offender registration statute. Thus we affirm the district court's imposition of this condition.