**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4232**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ARMANDO GONZALEZ MEDINA, a/k/a Pablito, a/k/a FNU LNU,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, District Judge.  (3:10-cr-00308-JRS-9)

Submitted:  December 20, 2012      Decided:  December 26, 2012

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge

Affirmed by unpublished per curiam opinion.

Edwin F. Brooks, EDWIN F. BROOKS, LLC, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armando Gonzalez Medina appeals his 84-month sentence imposed pursuant to his guilty plea to a racketeering conspiracy and a conspiracy to possess, produce, and transfer false identification documents. The district court imposed a variance sentence above the 27-33 month advisory Sentencing Guidelines range. On appeal, Gonzalez Medina contends that his upward variance is unreasonable because the district court erroneously relied upon factual findings unsupported by evidence. We affirm.

We review a district court's sentence under the deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A district court commits procedural error and abuses its sentencing discretion if it selects a sentence based on clearly erroneous facts. See id. Whether a sentence is substantively unreasonable is considered "in light of the totality of the circumstances." United States v. Worley, 685 F.3d 404, 409 (4th Cir. 2012). A variance sentence that deviates significantly from the advisory Guidelines range is not presumptively unreasonable and is still reviewed under an abuse of discretion standard. United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir.), cert. denied, 133 S.Ct. 274 (2012).

The district court varied upwards based upon its findings that Gonzalez Medina's criminal conduct spanned a lengthy period of time and that he participated in violence against members of competing organizations. The court also compared Gonzalez Medina's sentence to a co-conspirator's sentence in order to avoid unwarranted disparities. Most of Gonzalez Medina's appellate brief attempts to show that there was insufficient evidence tying Gonzalez Medina to a murder committed by members of his conspiracy. However, the district court explicitly declined to find that Gonzalez Medina was involved with the murder; instead, the court found that Gonzalez Medina participated in violent acts in furtherance of the conspiracy.

Considering the evidence that Gonzalez Medina's criminal cell had a history of violent acts against competitors and that Gonzalez Medina was recorded speaking of "getting rid of the competition" and "kick[ing] those guys' asses," we find that the district court's conclusion that Gonzalez Martinez was involved in "disciplining or dealing with competitors" was not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (holding that district court's account of evidence must be "plausible"). Further, we do not perceive any other reason to conclude that, in light of the totality of the circumstances, the district court's chosen sentence was not

rooted in reason. See United States v. Evans, 526 F.3d 155, 166 (4th Cir. 2008). Under the deference due to the district court, we conclude that Gonzalez Martinez's 84-month sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED