**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4904**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

ANTHONY SCOTT MILLER,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:11-cr-00078-1)

Submitted:  February 26, 2013       Decided:  March 22, 2013

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Jennifer L. Rada, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Scott Miller appeals the district court judgment imposing a sentence of eight months' imprisonment and a thirty-year term of supervised release following the revocation of Miller's supervised release term. On appeal, Miller challenges a special condition of supervised release requiring him to undergo a psychosexual evaluation and to participate in any recommended treatment program. We affirm.

District courts are afforded broad latitude in imposing conditions of supervised release, which we review for abuse of discretion. United States v. Worley, 685 F.3d 404, 407 (4th Cir. 2012). Although a particular condition of supervised release need not be connected to the underlying offense, id., the sentencing court must provide an explanation for the conditions it imposes. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009).

Miller challenges the special condition requiring psychosexual evaluation and compliance with treatment recommendations, arguing that his underlying conviction for failing to register and update registration as required by the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250 (2006), does not involve actual sexual misconduct, and that his only sex offense conviction occurred in 2003. In imposing the special condition of supervised release, the

2

district court took into account that Miller's underlying conviction was a SORNA violation, and considered his history and characteristics, including his admission to his probation officer that he had masturbated to images of minors. Under these circumstances, we find no abuse of discretion in the district court's imposition of the special condition of supervised release.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED