**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4302**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

YONEL REYES VASALLO, a/k/a Yoni, a/k/a Cuba,

        Defendant - Appellant.

---

**No. 12-4443**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MICHAEL ANTHONY HOY, a/k/a Chi-Town,

        Defendant - Appellant.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:11-cr-00253-TDS-10; 1:11-cr-00375-TDS-1; 1:11-CR-00253-TDS-8)

---

Submitted: March 29, 2013          Decided: April 9, 2013

---

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ferris Ridgely Bond, BOND & NORMAN, Washington, D.C.; Matthew G. Kaiser, THE KAISER LAW FIRM PLLC, Washington, D.C., for Appellants. Ripley Rand, United States Attorney, Sandra J. Hairston, Deputy Chief, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Hoy and Yonel Reyes Vasallo pleaded guilty to conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (2006). Vasallo also pleaded guilty to traveling in interstate commerce to facilitate distribution of marijuana, in violation of 18 U.S.C. § 1952(a)(3) (2006). The district court sentenced Hoy to sixty-four months of imprisonment and sentenced Vasallo to ninety-five months of imprisonment, and they both appeal. For the reasons that follow, we affirm.

Hoy first argues on appeal that the district court failed to adequately consider his sentencing argument regarding his community service. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable.

3

United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks, alterations, and citation omitted). Moreover, where the parties present "nonfrivolous reasons for imposing a different sentence than that" imposed, "a district judge should address the part[ies'] arguments and explain why he has rejected those arguments." Id. (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that the district court adequately explained the sentence and responded to the parties' sentencing arguments.

Hoy next argues that the court erred in imposing special conditions of supervised release, including that he provide his probation officer with requested financial information and refrain from incurring new credit without his probation officer's approval. As Hoy failed to object to these conditions before the district court, we review this issue for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, Hoy must demonstrate that there was error, that was plain, and that affected his substantial rights. Id. at 731. Moreover, even if Hoy demonstrates plain

4

error occurred, this court will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 732 (internal quotation marks and citation omitted).

"A sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing factors," including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence and protecting the public from future crimes, and providing the defendant with training or treatment. United States v. Worley, 685 F.3d 404, 407 (4th Cir. 2012); see 18 U.S.C. § 3553(a). While "[a] particular restriction does not require an offense-specific nexus, . . . the sentencing court must adequately explain its decision and its reasons for imposing it." Id. (internal quotation marks and citations omitted). After reviewing the record and the relevant legal authorities, we conclude that the district court did not plainly err in imposing these special conditions of supervised release.

Vasallo argues on appeal that the district court plainly erred in applying a two-level enhancement under the Guidelines for use of a special skill based on his use of a commercial truck driving license to commit the offense. As Vasallo failed to object to the Guidelines calculations below,

5

we review this issue for plain error. See United States v. Brack, 651 F.3d 388, 392 (4th Cir. 2011). Under USSG § 3B1.3, if the defendant used a special skill "in a manner that significantly facilitated the commission or concealment of the offense," a court shall increase the offense level by two levels. The "central purpose of § 3B1.3 is to penalize defendants who take advantage of a position that provides them with the freedom to commit a difficult-to-detect wrong." Brack, 651 F.3d at 393 (internal quotation marks and citation omitted). We have reviewed the relevant legal authorities and conclude that Vasallo has failed to demonstrate that the district court plainly erred in applying the enhancement. See Brack, 651 F.3d at 392 ("An error is 'plain' when it is 'obvious or clear under current law.'") (citation omitted).

Vasallo next argues that the district court erred in failing to consider the disparities between defendants sentenced in districts with fast-track sentencing programs for drug offenses and those without such programs. In United States v. Perez-Pena, 453 F.3d 236, 244 (4th Cir. 2006), however, we found that such disparities are not "unwarranted disparities." See 18 U.S.C. § 3553(a)(6). Therefore, we conclude that Vasallo's argument is without merit.

Finally, Vasallo argues that his sentence is substantively unreasonable. The district court sentenced

Vasallo within the advisory Guidelines range and we therefore apply a presumption of reasonableness to that sentence. We conclude that Vasallo has failed to overcome that presumption.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED