<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4810**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

SHAWN LYNN HISE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Michael F. Urbanski, District Judge.  (5:12-cr-00007-MFU-1)

———————

Submitted: April 8, 2013          Decided:  April 15, 2013

———————

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Elizabeth G. Wright, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Lynn Hise pleaded guilty to knowingly failing to register and update his sex offender registration, in violation of 18 U.S.C.A. § 2250 (West Supp. 2012). The district court sentenced Hise to twenty-seven months of imprisonment followed by three years of supervised release. The court also imposed several special conditions of supervised release that prohibited Hise from (1) residing with or visiting residences with minor children without his probation officer's permission; (2) obtaining employment or volunteering in positions that require contact with minor children without the permission of his probation officer; (3) loitering near areas where children normally congregate; and (4) possessing or viewing pornography depicting minors or actors portraying minors. Hise appeals from the imposition of these enumerated conditions of supervised release. For the reasons that follow, we affirm.

Hise argues on appeal that the district court abused its discretion in imposing the three conditions restricting his contact with minor children. In addition, Hise argues that the district court failed to offer an adequate explanation for imposition of the prohibition related to his possession of child pornography.

"A sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing

2

factors," including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence and protecting the public from future crimes, and providing the defendant with training or treatment. United States v. Worley, 685 F.3d 404, 407 (4th Cir. 2012); see 18 U.S.C. § 3553(a) (2006). While "[a] particular restriction does not require an offense-specific nexus, . . . the sentencing court must adequately explain its decision and its reasons for imposing it." Id. (internal quotation marks and citations omitted). "'District courts have broad latitude to impose conditions on supervised release,' and so we review such conditions only for abuse of discretion." Id. (quoting United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009)). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in imposing the restrictions on Hise's contact with minor children, and adequately explained the final condition prohibiting Hise from possessing child pornography.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid in the decisional process.

AFFIRMED