**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4838**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

ERASMO HERRERA RUIZ,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:12-cr-00048-MR-DLH-1)

───────────

Submitted: April 11, 2013          Decided:  April 15, 2013

───────────

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, John D. Pritchard, Special Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Erasmo Ruiz pled guilty to illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326(a) (2006), and was sentenced to nineteen months' imprisonment. On appeal, Ruiz contends that his sentence is procedurally and substantively unreasonable. Because of the short length of his sentence, Ruiz also moves to expedite our review. We deny the motion and affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). We first review for significant procedural errors, including whether the district court failed to consider the § 3553(a) factors. If we find a sentence procedurally reasonable, we then consider substantive reasonableness, applying a totality of the circumstances test. Id. Whether a sentence is substantively unreasonable is considered "in light of the totality of the circumstances." United States v. Worley, 685 F.3d 404, 409 (4th Cir. 2012). In reviewing whether a district court's decision to vary from the applicable Guidelines range is substantively reasonable, this court "'may consider the extent of the deviation [from the applicable Guidelines range], but must give due deference to the district court's decision

2

that the [18 U.S.C. § 3553(a) (2006)] factors, on a whole, justify the extent of the variance.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)), cert. denied, 131 S. Ct. 2946 (2011).

We conclude that Ruiz's sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable advisory Guidelines range, did not consider any improper factors, and addressed Ruiz's non-frivolous arguments for a within Guidelines sentence. Though the district court varied upwards from the Guidelines range, we conclude that the district court gave sufficient reasons for imposing a higher sentence. The district court based its sentence in large part on the need to deter offenders who, like Ruiz, illegally re-enter the country after committing a drug trafficking crime. The district court emphasized Ruiz's long criminal history and the seriousness of his drug trafficking crime in particular. Based on these considerations we conclude that the district court gave Ruiz an individualized assessment and stated sufficient grounds for his sentence.

Accordingly, we deny the motion to expedite as moot and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the material before this court and argument will not aid the decisional process.

AFFIRMED