**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4757**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GERARD FENNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (4:12-cr-00115-BR-1)

Submitted: April 30, 2015                    Decided: May 20, 2015

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lynne L. Reid, L.L. REID LAW, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerard Fenner appeals from the 63-month term of imprisonment imposed upon remand for resentencing. Fenner pleaded guilty without a written plea agreement to one count of possessing a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g), 924 (2012). Fenner argues that the district court procedurally erred in failing to adequately explain its sentence. He contends that the court did not fully credit his rehabilitative efforts in prison and did not state why it rejected his argument for a 51-month sentence. Fenner also asserts that the sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a)

2

factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Fenner argues that the district court procedurally erred in failing to adequately explain its sentence. The Government replies that the district court sufficiently explained its sentencing rationale and considered Fenner's recent rehabilitative efforts. Here, the district court listened to Fenner's argument for a low-end Guidelines sentence. In imposing the sentence, the court referenced Fenner's completion of his GED. The court explicitly stated that it had considered the § 3553(a) factors. The court reasoned that efforts to deter Fenner from a life of crime have failed and that he has a history of violence and drug felonies, both things from which the public needs to be secure. We conclude that the court sufficiently considered Fenner's request for a 51-month sentence and its reasoning was adequate to permit meaningful review. See United States v. Worley, 685 F.3d 404, 410 (4th Cir. 2012)

3

(explaining that while the district court did not explicitly address most of the defendant's arguments about postsentencing rehabilitation, the court has "never required a sentencing court to discuss each § 3553(a) factor in a 'checklist fashion'" (citation omitted)). Therefore, we find no procedural error.

Fenner argues that his recent rehabilitative efforts are better evidence of his character than his past criminal conduct and that the court's sentence does not reflect consideration of this. Therefore, he contends, under the totality of the circumstances, the sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing. The Government argues that Fenner's recent activity was not sufficient to overcome his violent criminal history and numerous supervision violations. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citations omitted), cert. denied, 135 S. Ct. 421 (2014).

It was reasonable for the district court to conclude that Fenner's efforts at rehabilitation during his period of federal imprisonment were not substantial enough to outweigh the countervailing evidence of the need to deter Fenner from further

4

criminal activity and to protect the public. Further, although obtaining a GED and completing a drug program is commendable, completion of an art class and not testing positive for drugs or alcohol while in prison are not extraordinary. We therefore conclude that Fenner has not met his burden of rebutting the presumption that the within-Guidelines sentence is substantively reasonable.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED