**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4425**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE QUINN BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00365-CCE-1)

Submitted:  February 27, 2015          Decided:  May 21, 2015

Before DIAZ and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Paul Camarena, NORTH & SEDGWICK, LLC, Chicago, Illinois, for Appellant.  Ripley Rand, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Quinn Brown appeals the sentence imposed after he pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2012). The presentence report ("PSR") recounted Brown's involvement with a particular criminal street gang, and recommended as a special condition of his supervised release that Brown "not wear, display, use or possess any clothing or accessories which have any gang or security threat group significance." (J.A. 58).

At his sentencing hearing, Brown confirmed that he had no objections to the PSR. Brown explained that his connection with the United Blood Nation gang had been the primary cause of his past criminal activity, as well as the instant offense, and that he had ended his association with the gang. After the district court recited other supervised release conditions, the probation officer reminded the court of the PSR's recommended condition concerning gang-related attire. The court responded, "I did overlook it. . . . Not associate with any gang members. . . . That doesn't sound like it's going to be a problem." (J.A. 29).

Following this exchange, both parties made other recommendations, and neither party mentioned the gang-related supervised release condition that the court had imposed. Nearly three weeks after the sentencing hearing, the court entered its

2

judgment, which included--verbatim from the PSR--the special condition of supervised release regarding gang-related attire. On appeal, Brown challenges only this condition. We affirm.

"District courts have broad latitude to impose conditions on supervised release . . . ." United States v. Worley, 685 F.3d 404, 407 (4th Cir. 2012) (internal quotation marks omitted). "A sentencing court may impose any condition that is reasonably related to the relevant [18 U.S.C. § 3553(a)] sentencing factors . . . ." 685 F.3d at 407. These include "the nature and circumstances of the offense and the history and characteristics of the defendant, providing adequate deterrence, protecting the public from further crimes, and providing the defendant with training, medical care, or treatment." Id. (internal quotation marks, alteration, and citations omitted). The condition also "must 'involve[] no greater deprivation of liberty than is reasonably necessary' to achieve the goals enumerated in § 3553(a)." United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009) (quoting 18 U.S.C. § 3583(d)(2) (2012)).

"'The [district] court, at the time of sentencing, shall state in open court' . . . the rationale for the special conditions it imposes." Id. (internal citation and ellipsis omitted) (quoting 18 U.S.C. § 3553(c) (2012)). The purpose of requiring an explanation is to permit meaningful appellate review. Id. Nevertheless, the court's reasons need not

establish "an offense-specific nexus," as long as "the sentencing court . . . adequately explain[s] its decision and its reasons for imposing" the condition. Worley, 685 F.3d at 407 (internal quotation marks omitted).

Brown claims that the district court erred by providing no explanation for imposing the challenged condition. Because Brown did not object on this basis in the district court, we review the claim for plain error. See United States v. Price, 777 F.3d 700, 711 (4th Cir. 2015); see United States v. Deatherage, 682 F.3d 755, 763 (8th Cir. 2012).

To establish plain error, Brown must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013); Price, 777 F.3d at 711. Even if Brown makes the required showing, correction of the error lies within our discretion, which we exercise only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1126-27 (internal quotation marks and alterations omitted).

We conclude that Brown has not met his burden. The record shows that the only explanation offered by the district court was its adoption, in whole, of the PSR. Even if we were to conclude the district court erred by solely relying on the PSR's justifications, as Brown implies, that error was not plain

4

because the law in this regard is not clear or settled. See United States v. Ramirez-Castillo, 748 F.3d 205, 215 (4th Cir. 2014); United States v. Guzman, 603 F.3d 99, 110 (1st Cir. 2010); United States v. Johnson, 445 F.3d 339, 346 (4th Cir. 2006). The PSR adequately explained the probation officer's reasons for recommending the challenged condition and, therefore, because the district court did not plainly err by solely relying on the PSR, the court's explanation was not plainly erroneous.

Brown also claims that the challenged condition is overly vague and, therefore, that its imposition violated his due process rights. With respect to this claim, the parties disagree as to the applicable standard of review. Brown points out that, at the sentencing hearing, the district court only mentioned that Brown would be prohibited from associating with gang members--not that he would be prohibited from wearing gang-related attire. Because the court did not orally pronounce the specific portion of the condition he challenges, Brown argues that plain-error review would be inappropriate and that we should instead review his claim for abuse-of-discretion.

Although Brown concedes that he did not object to the imposition of any supervised release condition, he implicitly argues that his failure to object should not result in plain error review because the court's oral pronouncement deprived him

5

of any opportunity to make an objection. Decisions from other courts of appeals support that position. See, e.g., United States v. Matta, 777 F.3d 116, 121 (2d Cir. 2015) ("[W]e have employed a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed."). In this case, however, Brown had ample opportunity to object to the challenged condition because it appeared as a recommendation in the PSR. We will therefore review Brown's claim for plain error.

Applying the plain error standard, we conclude that, in light of the lack of authority in this circuit, even if the condition Brown challenges is impermissibly vague, it is not plainly so. Thus, Brown has failed to meet his burden.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6