**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4082

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEWAN ANTONIO GARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00285-RJC-DCK-1)

Argued: May 5, 2022                    Decided: July 21, 2022

Before KING and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion. Judge Richardson wrote a dissenting opinion.

**ARGUED:** Megan Coyle Hoffman, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Samir H. Doshi, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Anthony Martinez, Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewan Antonio Garris appeals from the judgment of conviction and the sentence imposed against him in February 2021 in the Western District of North Carolina. The sentencing followed a bench trial on a charge against Garris of possessing a firearm as a convicted felon, in contravention of 18 U.S.C. § 922(g). As explained herein, we find merit as to one of Garris's appellate contentions: that the sentencing court procedurally erred in imposing seven discretionary conditions of supervised release (the "challenged conditions").[1] Accordingly, we affirm Garris's conviction, vacate his sentence with respect to the challenged conditions, and remand for resentencing.

I.

As shown by the evidence, in the early morning hours of July 4, 2018, Garris was arrested by the Charlotte-Mecklenburg County Police Department on various state law offenses. After Garris was apprehended, the authorities searched two backpacks that were in his possession and discovered a firearm in each backpack. A grand jury in the Western District of North Carolina indicted Garris in August 2018 on the firearm offense, in violation of 18 U.S.C. § 922(g).

---

[1] In challenging his conviction, Garris argues that the district court erred in denying his motion — on Fourth and Fifth Amendment grounds — to suppress evidence that resulted from his arrest. We have considered those contentions and conclude, without further discussion herein, that they lack merit.

2

After conducting the bench trial in July 2019, the district court found Garris guilty of the firearm charge. On September 17, 2019, the probation office filed the relevant Presentence Investigation Report (the "PSR"), which indicated that Garris was eligible for a term of supervised release. *See* J.A. 302.[2] Although the PSR provided that "[t]he Probation Officer has not identified any special conditions that will be included as part of the recommendation to the Court at this time," it instructed Garris to "refer to [a standing order at] http://www.ncwp.uscourts.gov to view all mandatory and standard conditions adopted by this Court." *Id.* at 304.[3]

When Garris was sentenced on January 26, 2021, a newly issued district court standing order provided for 21 standard discretionary conditions of supervised release, to be imposed "for all such terms of supervised release . . . given on or after January 1, 2021, unless affirmatively omitted or altered by the presiding judge." *See In re: Mandatory & Discretionary Conditions of Probation & Supervised Release*, No. 3:21-mc-00003, at 1 (W.D.N.C. Jan. 11, 2021), ECF No. 2 (the "Standing Order"). The Standing Order's discretionary conditions included the challenged conditions: Condition 7 (prohibiting Garris from leaving the judicial district); Condition 8 (requiring Garris to truthfully answer all questions from the probation office); Condition 9 (requiring Garris to live at a place approved by the probation office); Condition 12 (prohibiting Garris from communicating

---

[2] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

[3] We observe that the standing order in effect at the time the PSR was filed in September 2019 is not in the record on appeal.

or interacting with known felons without permission from the probation office); Condition 16 (prohibiting Garris from "excessive use of alcohol"); Condition 17 (requiring Garris to participate in drug treatment "if directed" by the probation office); and Condition 18 (requiring Garris to submit to searches by the probation office without a warrant based upon a showing of reasonable suspicion). *See* J.A. 277.[4]

During the sentencing hearing, Garris's lawyer interposed numerous objections to the challenged conditions. First, Garris asserted that Conditions 7, 9, 12, 16, and 17 each constitute an impermissible delegation of the court's Article III judicial authority to its Probation Officer. Additionally, Garris contended that Condition 7 lacks a "knowingly" mens rea requirement, as contemplated by the Sentencing Guidelines. *See* J.A. 253. He also argued that Condition 8 contravenes his "Fifth Amendment right against self-incrimination" and has no connection with the circumstances of his case. *Id.* Moreover, Garris maintained that Conditions 9 and 16 are void for vagueness because they fail to provide adequate notice of permissible or prohibited conduct. And he asserted that Condition 18 allows "arbitrary intrusions by law enforcement," provides the probation officer with unlimited access to his personal information and, under the Guidelines, is applicable only to sex offenders. *Id.* at 256.

---

[4] For purposes of this appeal, we refer to the challenged conditions as they are numerically expressed in the final judgment. *See* J.A. 277. Those descriptions differ somewhat from the system used in the Standing Order.

In pronouncing Garris's sentence, the district court imposed the challenged conditions, along with 12 other discretionary conditions set forth in the Standing Order. The court sustained Garris's objections to two discretionary conditions.[5]

On the merits of the challenged conditions, the sentencing court briefly discussed and rejected one of Garris's contentions — that five of the challenged conditions constitute an impermissible delegation of the court's Article III authority to the Probation Officer. In so ruling, the court did not specifically address that contention as it relates to any of the challenged conditions. The court did not discuss Garris's other objections to the challenged conditions.

In collectively stating its reasons for imposing 19 of the discretionary conditions (including the challenged conditions), the sentencing court explained that each of those conditions is

> reasonably related to the nature and circumstances of the offense, the characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Mr. Garris, as well as to provide him with needed educational and vocational training, medical care, or other correctional treatment, in the most effective manner.

*See* J.A. 271. The court explained that each of the discretionary conditions involve "no greater deprivation of liberty than is reasonably necessary for the purposes listed in [18 U.S.C. §] 3553(a)" and are "consistent with pertinent policy statements of the Sentencing

---

[5] Before assessing the merits of Garris's objections to the Standing Order's discretionary conditions, the district court suggested that the objections interposed by Garris were untimely, because they were not made in writing prior to the sentencing hearing. Nevertheless, the court apparently rejected the objections solely on their merits and not on timeliness grounds.

5

Commission." *Id.* In so doing, the court "incorporate[d], by reference, the details previously stated about [Garris's] history and characteristics, his serious criminal history, the very serious nature of the [§] 922(g) felony criminal conduct, and the information contained in the [PSR]." *Id.* at 272. And the court explained that it considered information from "the bench trial, and the suppression hearing, and the relationship that [the § 3553(a)] factors suggest for the purposes of sentencing applicable to supervised release." *Id.*

Finally, the district court sentenced Garris to 51 months of imprisonment, to be followed by a two-year term of supervised release. Garris has noted this appeal, and we possess jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

II.

In his appeal, Garris maintains that the sentencing court erred in imposing the challenged conditions, in that those conditions are neither procedurally nor substantively reasonable. We review the imposition of supervised release conditions for abuse of discretion. *See United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012).

Relevant here, "[a] sentencing court must craft conditions of supervised release that comply with the requirements listed in 18 U.S.C. § 3583(d)." *See United States v. Ellis*, 984 F.3d 1092, 1098 (4th Cir. 2021). Section 3583(d) requires that conditions of supervised release be: (1) "reasonably related" to the nature and circumstances of the offense, the history and characteristics of the defendant, and the statutory goals of deterrence, protection of the public, and rehabilitation; (2) "no greater [a] deprivation of liberty than is reasonably necessary" to achieve those statutory goals; and (3) consistent

6

with the Sentencing Commission's pertinent policy statements. *See* 18 U.S.C. § 3583(d); *see also United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020). Crucially, any supervised release condition imposed must be both procedurally and substantively reasonable. *See United States v. Arbaugh*, 951 F.3d 167, 178-79 (4th Cir. 2020).

### A.

First and foremost, Garris maintains that the sentencing court committed procedural error in overruling his objections to the challenged conditions by failing to address his nonfrivolous arguments "head-on," as required by our decision of July 21, 2021, in *United States v. Boyd* — which the court did not have the benefit of at the time it sentenced Garris. *See* 5 F.4th 550, 559 (4th Cir. 2021) (internal quotation marks omitted). On that score, we agree with Garris.

### 1.

We have recognized that procedural reasonableness requires that a sentencing court "adequately explain its decision and its reasons for imposing" discretionary conditions of supervised release. *See Worley*, 685 F.3d at 407. Our *Boyd* decision made clear that sentencing courts must make individualized assessments based upon the facts and "adequately [explain] its reasons for imposing certain conditions." *See* 5 F.4th at 557 (internal quotation marks omitted). As we have said, "a talismanic recitation of the [§] 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *See United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009).

Moreover, we explained in *Boyd* that "[w]hen a defendant presents [nonfrivolous] reasons for imposing a different sentence, the sentencing court must address or consider them and explain why it has rejected them." *See* 5 F.4th at 557 (internal quotation marks omitted). In that regard, "where a defendant makes nonfrivolous objections that cast doubt on compliance with § 3583(d), the district court must address them head-on." *Id.* at 559 (internal quotation marks omitted). If the court "fails to do so, we will vacate the sentence and remand for resentencing unless context makes the court's reasons for rejecting the nonfrivolous objections patently obvious." *Id.* (internal quotation marks omitted).

2.

During his sentencing hearing, Garris presented the sentencing court with nonfrivolous arguments supporting his objections to the challenged conditions. *See* J.A. 252-57.[6] Nevertheless, the court summarily overruled Garris's objections to the challenged conditions and simply stated that each of the 19 discretionary conditions of supervised release it imposed comply with the terms of 18 U.S.C. § 3583(d). The court then recited that each of the discretionary conditions involve "no greater deprivation of liberty than is

---

[6] We observe that Garris maintained before the sentencing court that Condition 18 was impermissible because it authorized the probation office to conduct warrantless searches without even reasonable suspicion. Although the court rejected that objection at sentencing in January 2021, Garris's position — that Condition 18 was impermissible — was adopted in the Western District of North Carolina in a September 2021 order pertaining to conditions of supervised release. *See In re: Mandatory & Discretionary Conditions of Probation & Supervised Release*, No. 3:21-mc-00003, at 4 (W.D.N.C. Sept. 30, 2021), ECF No. 4.

8

reasonably necessary for the purposes listed in [§] 3553(a)" and are "consistent with pertinent policy statements of the Sentencing Commission." *Id.* at 271.

In these circumstances, the sentencing court failed to sufficiently explain why it had rejected Garris's nonfrivolous arguments as to the challenged conditions. Although the court considered the facts underlying Garris's case in imposing the discretionary conditions (including the challenged conditions), it was obliged to do more. That is, before the court could impose the challenged conditions, it should have assessed Garris's nonfrivolous arguments on those conditions and "explain[ed] why it . . . rejected them." *See Boyd*, 5 F.4th at 557 (internal quotation marks omitted). To the extent the court discussed why it had rejected the merits of Garris's delegation argument, it did so without addressing that contention as it relates to any of the challenged conditions.

Put most simply, the sentencing court was required to address each of Garris's nonfrivolous arguments as to the challenged conditions — as the *Boyd* case said — "head-on." *See* 5 F.4th at 559 (internal quotation marks omitted). And we are unable to perceive that "context" renders the court's reasons for rejecting Garris's contentions "patently obvious." *Id.* Thus, the challenged conditions were erroneously imposed in contravention of *Boyd*, and we vacate Garris's sentence as to those conditions and remand for resentencing.[7]

---

[7] Had the sentencing court failed to orally pronounce the discretionary conditions at the January 2021 hearing — but included them in a final judgment — we would vacate the entirety of Garris's sentence. *See United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020); *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021). But in circumstances such as these, when the court pronounces discretionary conditions of supervised release at the (Continued)

B.

Garris also maintains that the challenged conditions are substantively unreasonable, thereby warranting further relief. Because the challenged conditions are procedurally unreasonable, however, "we cannot . . . review the conditions for substantive reasonableness." *See Boyd*, 5 F.4th at 560 n.10. Accordingly, we refrain from conducting a substantive reasonableness inquiry.[8]

sentencing hearing but fails to explain its rejection of the defendant's nonfrivolous objections thereto, the proper remedy is to vacate the sentence only as to the procedurally unreasonable conditions. *See Boyd*, 5 F.4th at 560 n.11; *see also United States v. Hardin*, 998 F.3d 582, 593 n.14 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 779 (2022).

[8] Our dissenting colleague is of the view that the sentencing court rejected Garris's objections to the challenged conditions as untimely, in that they were not presented in writing when the PSR was filed in September 2019. We do not, however, read the record that way. *See supra* note 5. The government apparently does not agree with the dissent's interpretation either, given that the government has not raised the issue of timeliness on appeal. In any event, there was good reason for the court not to rely on timeliness as a ground to reject Garris's objections. The Standing Order setting forth the challenged conditions was issued just prior to Garris's sentencing in January 2021, raising the question of how Garris could have lodged his objections 16 months earlier in September 2019. Additionally, courts widely accept — and, in fact, encourage — oral objections interposed by a defendant at a sentencing hearing. *See, e.g.*, Fed. R. Crim. P. 32(i)(1)(D) (recognizing that a sentencing court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed"); *Irizarry v. United States*, 553 U.S. 708, 715 (2008) (recognizing that courts should give the parties "an adequate opportunity to confront and debate the relevant issues" at sentencing hearings); *Boyd*, 5 F.4th at 557 (recognizing that oral objections to discretionary conditions of supervised release — lodged initially at sentencing — are sufficient to preserve arguments for appellate review if presented with reasonable degree of specificity).

10

III.

Pursuant to the foregoing, we affirm Garris's conviction, vacate his sentence as to the challenged conditions, and remand for resentencing.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

11

RICHARDSON, Circuit Judge, dissenting:

On September 17, 2019, recent convict Dewan Antonio Garris received a copy of a presentence report, informing him he would be subject to the Western District of North Carolina's standard conditions of supervised release.[1]   Rather than submitting written objections to those conditions within two weeks, as required by rule, he waited until the day of his sentencing hearing, sixteen months later.  Then, his counsel orally rattled off (by my count) seventeen untimely objections.  The majority says that the district court excused the untimeliness of these objections.  Majority Op. 5 n.5.  But I disagree.  The court instead stated:

> The Court will note that the objections to the standard conditions appear to the Court to be untimely.  If they were properly filed with respect to objections to the Presentence Report, this would have given the probation officer and the U.S. Attorney's office adequate time to address the various issues raised by the defendant with respect to the conditions.  So, the Court will deny the objection to the standard conditions — the discretionary conditions set forth in the standard conditions of supervised release adopted in the Western District of North Carolina.

J.A. 270–71.  The court then moved on to other arguments: "The Court, *also on the merits*, denies the impermissible delegation argument, . . . ." *Id.* (emphasis added).

---

[1] At that time, the standard conditions of supervised release for the district were contained in a December 2016 standing order.  *See* Standard Conditions of Probation and Supervised Release, Misc. Order 3:16-MC-221 (M.D.N.C. Dec. 8, 2016) (saved as ECF opinion attachment).  The conditions contained in this standing order were identical to the ones Garris was sentenced under in all respects pertinent to his objections.  So Garris was not ambushed by materially new conditions after the PSR objection period had passed.  *See* Majority Op. 10 n.8.

Nothing more needed to be said to meet Garris's untimely objections "head-on." The district court's alternative grounds ("*also* on the merits") for denying some objections does not nullify its timeliness ruling. And where the district judge did excuse untimeliness, he specifically noted he was excusing two specific objections. J.A. 271 ("Number 19 and number 23, the Court will grant the objections to those, notwithstanding the timeliness of those objections.").

Over the past several years, our court has held district court judges to ever higher procedural standards, insisting that they respond to defendants' nonfrivolous sentencing arguments in detail. It is only sensible that those judges should, in turn, be able to hold defendants to their own procedural obligation—that they make those objections and arguments in a timely manner to enable the detailed responses we require. Garris simply failed to do so. So I respectfully dissent.

13