**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4661**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

WILLIE JAMES STEELE, JR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00184-RJC-DSC-1)

_____

Submitted: May 22, 2014         Decided: May 28, 2014

_____

Before TRAXLER, Chief Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ross Hall Richardson, Acting Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie James Steele, Jr., appeals from his jury conviction and twenty-four-month sentence on two counts of deprivation of civil liberties while acting under color of law, in violation of 18 U.S.C. § 242 (2012). Steele's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal, but questioning whether Steele's sentence is procedurally and substantively reasonable, and whether it was error for the district court to impose certain supervised release conditions. Steele has not filed a pro se supplemental brief despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. Finding no error, we affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2012)] for a sentence different than the one ultimately imposed"). In conducting this review, we must first examine the sentence for significant procedural error, including "failing to calculate (or improperly

2

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" Gall, 552 U.S. at 51. In reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

We have considered Steele's arguments regarding his Guidelines range calculation and find them to be meritless. In any event, the district court thoroughly explained its rationale for the chosen sentence and expressly indicated that it would have imposed a higher sentence if it had statutory authority to do so. Accordingly, even if the district court would have decided the Guidelines issues in Steele's favor, Steele's sentence would have been the same. See United States v. Savillon-Matute, 636 F.3d 119, 123-24 (4th Cir. 2011) (affirming sentence where the record was clear the district court would have imposed the same sentence "even if it had decided the guidelines issue the other way," and it was evident that "the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor"). We also defer to the district court's decision to impose a twelve-month sentence on each count, and to order that the sentences run consecutively.

3

See Setser v. United States, 132 S. Ct. 1463, 1468 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose[.]"); Gall, 552 U.S. at 51 (recognizing that even when reviewing a sentence outside the Guidelines range, an appellate court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the" sentence imposed).

We discern no error in the supervised release conditions imposed by the district court. In this regard, district courts are afforded broad latitude in imposing supervised release conditions, which we review for abuse of discretion. United States v. Worley, 685 F.3d 404, 407 (4th Cir. 2012). Although a particular condition of supervised release need not be connected to the underlying offense, id., the sentencing court must provide an explanation for the conditions it imposes. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009).

Steele challenges the special conditions requiring psychosexual evaluation and that he take all medications prescribed as a result of the evaluation. It is apparent from the record that in imposing the special conditions of supervised release, the district court considered Steele's history and

4

characteristics, which included the circumstances underlying his crimes and his behavior and disregard for the law while unmedicated. Under these circumstances, we find no abuse of discretion in the district court's imposition of the special conditions of supervised release. In any event, Steele may challenge his supervised release conditions if and when they are enforced. See Fed. R. Crim. P. 32.1(c).

We have reviewed the record in accordance with our obligations under Anders and find no reversible error. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Steele, in writing, of his right to petition the Supreme Court of the United States for further review. If Steele requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Steele. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED