**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4667**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ALVIN LEE EDGE,

            Defendant - Appellant.


───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., District Judge.  (3:11-cr-00301-RJC-DSC-1)

───────────

Submitted:  June 23, 2014            Decided:  June 27, 2014

───────────

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

───────────

Affirmed and remanded by unpublished per curiam opinion.

───────────

Denzil H. Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER,
Charlotte, North Carolina, for Appellant.  Anne M. Tompkins,
United States Attorney, William M. Miller, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Lee Edge was convicted by a jury of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2012). The district court sentenced Edge to 120 months of imprisonment and three years of supervised release. Edge appeals his conviction and a special condition of the supervised release component of his sentence. We affirm.

Edge first argues that the district court erred in denying him a fair opportunity to cross-examine a prosecution witness by prohibiting inquiry into a prior larceny conviction. The Government responds that the district court did not abuse its discretion, and that even if the court erred, the error is harmless in light of the evidence of Edge's guilt. A district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Kelly, 510 F.3d 433, 436 (4th Cir. 2007).

If a party seeks to attack "a witness's character for truthfulness by evidence of a criminal conviction . . . for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Fed. R. Evid. 609(a)(2). "A trial judge has no discretion to exclude evidence

2

that qualifies under this rule. Because the admission of such evidence is mandatory, however, Rule 609(a)(2) covers only a narrow class of crimes which by their nature bear directly upon the witness' propensity to testify truthfully." Kelly, 510 F.3d at 438 (internal quotation marks and citation omitted). The elements of larceny in North Carolina "are: (1) taking the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." State v. Sheppard, 744 S.E.2d 149, 151 (N.C. Ct. App. 2013).

Edge's reliance on Davis v. Alaska, 415 U.S. 308 (1974), is misplaced. In that case, the defense was barred from revealing the fact that a witness was on probation for a juvenile adjudication for burglary – the same type of crime for which Davis was on trial. Id. at 319. The defense sought to show that the witness might have a motivation to cooperate with police or testify falsely to divert attention from himself. Id. In this case, however, no such direct link exists between Brandt's prior larceny conviction and his testimony against Edge, and Edge sought to admit the conviction merely for general impeachment and credibility purposes. We conclude that the prior larceny conviction did not directly impugn the witness's truthfulness, and the district court did not abuse its

discretion in prohibiting cross-examination regarding the conviction.

Edge next argues that the special condition of supervised release prohibiting contact with his girlfriend, Ms. Smith, without approval of the probation officer violates his fundamental right to marry because it prohibits him from marrying Ms. Smith. He acknowledges that the court did not prohibit him from marrying Ms. Smith, but ordered him to have no contact with her without approval of the probation officer. "District courts have broad latitude to impose conditions on supervised release, and as such, we typically review such conditions only for abuse of discretion. United States v. Worley, 685 F.3d 404, 407 (4th Cir. 2012) (internal quotation marks omitted). "A particular restriction does not require an 'offense-specific nexus,' but the sentencing court must adequately explain its decision and its reasons for imposing it." Id.

"[C]onditions that interfere with a defendant's constitutional liberties, such as raising his child or associating with a loved one, must be adequately explained or else their imposition undermines the fairness and integrity of our judicial proceedings." Id. at 408. Our review of the record leads us to conclude that the district court's restriction on contact with Smith is sufficiently related to

4

"the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the need to deter future criminal conduct by Edge, § 3553(a)(2)(B), and the need "to protect the public from further crimes of the defendant, § 3553(a)(2)(C). See 18 U.S.C. § 3583(d)(1) (2012) (listing factors to be considered in imposing special conditions on supervised release). Moreover, the district court adequately explained its reasons for imposing the special condition, which is not an absolute prohibition, but merely requires the authorization of the probation officer. The district court did not abuse its discretion.

Accordingly, we affirm Edge's conviction and sentence. We note, however, that the written judgment erroneously lists the "no contact" condition in the imprisonment section of the judgment rather than as a special condition of supervised release. We therefore remand for correction of the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED