**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7191**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANILO ALDUBLIN-ROBLETO, a/k/a Danilo Anthony, a/k/a Danilo Albudin, a/k/a Danilo A. Robletto,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:09-cr-00347-PJM-1)

Submitted: May 23, 2017                               Decided: May 25, 2017

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Alan Z. Rozenshtein, Special Assistant United States Attorney, Ray D. McKenzie, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danilo Aldublin-Robleto appeals from the district court's order revoking his supervised release, imposing a 15-month term of imprisonment, and ordering that he register as a sex offender. We affirm.

Aldublin-Robleto pled guilty in 2010 to unlawfully reentering the United States after deportation following an aggravated felony; he was sentenced to 57 months' imprisonment, followed by three years of supervised release. His original sentence also ordered Aldublin-Robleto to register as a sex offender under the Sex Offender Registration and Notification Act, 18 U.S.C. § 3583(d) (2012) ("SORNA"). He was deported in 2013.

In August 2016, Aldublin-Robleto was found to have violated the conditions of his supervised release by again unlawfully reentering the United States. Aldublin-Robleto admitted the violation but, on appeal, challenges the re-imposition of the requirement that he register under SORNA as the result of a 1995 conviction for a violent sexual assault. Because he did not object at sentencing, we review this claim only for plain error. *United States v. Olano*, 507 U.S. 725, 732–34 (1993); Fed. R. Crim. P. 52(b). To establish plain error, Aldublin-Robleto has the burden of showing: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *Olano*, 507 U.S. at 732-34. Aldublin-Robleto cannot show error, let alone plain error.

A sentencing court may impose any special condition of supervised release that is "reasonably related" to the statutory sentencing factors referenced in 18 U.S.C. § 3583(d)(1) (2012). 18 U.S.C. § 3553(a)(2)(D); *United States v. Dotson*, 324 F.3d 256,

2

260 (4th Cir. 2003). When imposing such conditions, the sentencing court must also ensure that the condition "involves no greater deprivation of liberty than is reasonably necessary" to serve these sentencing goals, 18 U.S.C. § 3583(d)(2), and that it "is consistent with any pertinent policy statements issued by the Sentencing Commission," 18 U.S.C. § 3583(d)(3); *see Dotson*, 324 F.3d at 260–61.

"Sex offender conditions of supervised release may be imposed, even at sentencing for crimes which are not sex crimes, if supported by § 3583(d)." *United States v. Douglas*, 850 F.3d 660 (4th Cir. 2017) (internal citations omitted). The "particular restriction does not require an offense-specific nexus, but the sentencing court must adequately explain its decision and its reasons for imposing it." *United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012) (internal citation and quotation marks omitted). The "court must demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lynn,* 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted).

Our review of the record discloses that the district court adequately explained its decision and reasons for imposing the special condition of Aldublin-Robleto's supervised release. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3