**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4577

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER BRYANT LOCKLEAR,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00191-D-1)

_____

Argued:  December 6, 2022                          Decided:  May 24, 2023

_____

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and John A. GIBNEY, Jr., Senior District Judge, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ARGUED:**  Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On January 28, 2020, Roger Locklear pled guilty to one count of possessing a firearm as a felon. The district court sentenced Locklear to 115 months' imprisonment and three years of supervised release. On appeal, Locklear challenges the district court's imposition of a special supervised release condition that allows for warrantless searches of his computer and other electronic devices. For the following reasons, we vacate that special condition "as procedurally unreasonable and remand to the district court for further explanation." *United States v. McMiller*, 954 F.3d 670, 677 (4th Cir. 2020).

I.

Locklear appeals the district court's imposition of the computer search condition as unreasonable. Because he did not object to this condition at sentencing, we review for plain error. *United States v. Elbaz*, 52 F.4th 593, 611–12 & n.18 (4th Cir. 2022).

A.

"District courts have 'broad latitude' to impose discretionary conditions of supervised release. But when they do, they have a duty to explain why." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) (citations omitted). Pursuant to 18 U.S.C. § 3583(d), district courts "may only impose conditions that (1) are 'reasonably related' to the goals of deterrence, public protection, and rehabilitation; (2) affect 'no greater deprivation of liberty than is reasonably necessary' to achieve those goals; and (3) are 'consistent with any pertinent policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C.

2

§ 3583(d)). Importantly, "[u]nless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the § 3583(d) factors have been met." *Id.*

The requirement that a district court "provide 'an individualized assessment' based on the facts before the court," "appl[ies] equally to any special conditions of supervised release." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). And "[i]n all cases, . . . the explanation must at least be sufficient 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *McMiller*, 954 F.3d at 676 (quoting *Gall*, 552 U.S. at 50). "Failure to provide such an explanation constitutes procedural error." *Id.*

Here, the district court explained why it was imposing four special conditions of supervised release in one sentence:

> You shall comply with the following special conditions which the Court imposes based on statutory requirements and the nature of the offense of conviction, including your history of substance abuse, [and] the need for rehabilitation in order to supervise you adequately[.]

J.A. 100. Locklear challenges this explanation as inadequate for imposing the condition requiring him to:

> submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

J.A. 109. Locklear appeals this entire condition, but he focuses his challenge on the requirement that he submit to warrantless searches of his "computer, other electronic

3

communication or data storage devices or media, and effects." *Id.** Accordingly, we also focus on that portion of the condition and hold that the district court's barebones reasoning precludes our "meaningful appellate review" of its imposition, resulting in procedural error. *Gall*, 552 U.S. at 50.

Critically, in its single, conclusory sentence of reasoning, the district court failed to explain why the computer search condition is appropriate *for Locklear*. That is, its generic reference to the "statutory requirements," "the nature of the offense," and "the need for rehabilitation" could be used in sentencing *any* criminal defendant, regardless of that defendant's offense, personal characteristics, or history. J.A. 100. For that very reason, we have stated that "the district court cannot fulfill its duty [to explain the imposition of supervised release conditions] by generally referring to the legal standards in § 3553(a) and § 3583(d)." *United States v. Arbaugh*, 951 F.3d 167, 179 (4th Cir. 2020). Rather, it must "explain what facts led to its decision to impose the . . . special conditions on *this* defendant." *Id.* (emphasis added). The district court's failure to do so renders its boilerplate explanation for imposing the computer search condition on Locklear tantamount to no explanation at all.

This case is thus on all fours with *Arbaugh*, wherein we determined "that the district court committed reversible procedural error by failing to explain why it imposed . . . four

---

* Locklear challenges this condition as both procedurally and substantively unreasonable. Because we find that the procedural inadequacy of the district court's imposition of the computer search condition precludes "meaningful appellate review" of the condition, *Lewis*, 958 F.3d at 243, we express no view on the substantive reasonableness of the condition.

computer-related special conditions" of supervised release, including a condition allowing for warrantless searches of the defendant's "computers, telephone, and personal computing devices." 951 F.3d at 178 n.3, 179. In that case, the defendant was convicted for engaging in illicit sexual conduct with a minor in a foreign country. *Id.* at 170. There, as here, "the district court ordered [the defendant] to comply with these special conditions, but it did not explain why it was imposing them." *Id.* at 178. Consequently, the Court found itself "constrained by [our] precedent to conclude" that the district court's silence "violated [the defendant's] rights" and precluded our review of "the reasonableness of the challenged special conditions." *Id.* at 178–79 (citing *Ross*, 912 F.3d at 746).

B.

Given our decision in *Arbaugh*, it is clear that the district court's failure to explain the computer search condition was not only error, but plain error. "To establish plain error, [Locklear] must show that an error occurred, that it was plain, and that it affected his substantial rights." *McMiller*, 954 F.3d at 674. Moreover, "we will exercise our discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc)). In numerous cases, this Court has found that a court's procedural error in imposing supervised release conditions has amounted to "reversible plain error." *Id.* at 676; *see also United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012); *United States v. Ross*, 912 F.3d 740, 746 (4th Cir. 2019); *United States v. Hendricks*, 795 F. App'x 209, 210 (4th Cir. 2020) (unpublished). The facts of this case compel the same conclusion.

5

For an error to be "plain," it must be "clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). Because *Arbaugh* demonstrates that a court cannot impose a supervised release condition prescribing warrantless searches of a defendant's computers without explanation, the district court's error in doing so below was plain. That conclusion is only bolstered by our repeated articulation of the general rule that "a sentencing court's duty to provide an explanation for the sentence imposed also requires that the court explain any special conditions of supervised release." *McMiller*, 954 F.3d at 676.

Locklear also meets the remaining requirements for establishing reversible plain error. This Court has held that because "[a] defendant's right to know 'why he faces special conditions that will forever modify the course of his life' is substantial," "when a court's explanation for such special conditions is so lacking that it deprives the defendant of meaningful appellate review, that error necessarily affects the defendant's substantial rights." *Id.* at 677 (citation omitted). Locklear has a right to know why he faces a special condition that will alter his daily life. We recognized as much in *Worley*, when we concluded that a district court "plainly erred in imposing" conditions on a defendant's three-year term of supervised release that would severely restrict his association with minors "in the absence of any explanation" because "conditions that interfere with a defendant's constitutional liberties . . . must be adequately explained." 685 F.3d at 408. And "because an adequate explanation is also necessary 'to promote the perception of fair sentencing,' . . . the absence of such an explanation 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *McMiller*, 954 F.3d at 677 (citations omitted).

6

Having determined that the district court's procedural error rises to the level of plain error, we vacate Locklear's sentence with respect to the computer search condition and remand for the district court "to provide an individualized assessment of its reasons." *Arbaugh*, 951 F.3d at 179.  We again express no view on the underlying merits of the condition at issue.

*VACATED AND REMANDED*